**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**CHUFEI**
**WANG,**
Plaintiff
, v.

**Case No. 1:26-cv-07378**
**Honorable Elaine E. Bucklo**

**THE DEFENDANTS IDENTIFIED**
**ON SCHEDULE A**,
Defendants.

_____/

**EXPEDITED MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER**
**AND MEMORANDUM OF LAW IN SUPPORT**

Defendant Eyliden US, Amazon Store ID: A1O9ZVT18CDQAF ("Moving Defendant"),

by and through undersigned counsel, respectfully moves this Court on an expedited basis to

dissolve the Sealed Temporary Restraining Order entered on August 5, 2026 (ECF No. 12). In

support thereof, Moving Defendant states as follows:

**I. PROCEDURAL BACKGROUND AND PLAINTIFF'S FORUM SHOPPING**

1. On June 16, 2026, Plaintiff Chufei Wang filed a nearly identical Schedule A patent

infringement action asserting the same U.S. Design Patent No. D980,568 S (the "'568

Patent") in this District, captioned *Wang v. The Defendants Identified on Schedule A*, Case

No. 1:26-cv-07102 (N.D. Ill.) (the "First Case"), assigned to the Honorable John F. Kness.

2. On June 23, 2026, Judge Kness entered a minute order setting an **in-person** motion

hearing on Plaintiff's motion to seal for July 7, 2026 at 10:30 a.m. in Courtroom 2125, and

directed that lead counsel for Plaintiff appear. (First Case, ECF No. 8).

Page 1 of 8

3. The very next day, on June 24, 2026, Plaintiff filed the instant action, Case No. 1:26-cv-07378 (the "Second Case"), asserting the identical '568 Patent against a new Schedule A of defendants, and seeking the same ex parte temporary restraining order relief. (ECF No. 1).

4. On July 1, 2026, certain defendants in the First Case appeared through undersigned counsel, opposed the motion to seal, filed prior-art evidence demonstrating the invalidity of the '568 Patent, and moved to consolidate the two cases. (First Case, ECF Nos. 9–12).

5. On July 2, 2026—immediately after defendants appeared and raised substantial invalidity defenses—Plaintiff filed a Notice of Voluntary Dismissal of the First Case under Fed. R. Civ. P. 41(a)(1)(A)(i). Judge Kness terminated the First Case the same day, struck the scheduled in-person hearing, and noted that each party would bear its own fees and costs. (First Case, ECF No. 15).

6. Plaintiff never disclosed the existence of the First Case to this Court. Plaintiff's Civil Cover Sheet and other filings in this Second Case omit any reference to the related prior action involving the same plaintiff, the same patent, the same type of Schedule A claims, and overlapping issues of fact and law.

7. On August 5, 2026, this Court granted Plaintiff's ex parte motion for temporary restraining order and entered a Sealed Temporary Restraining Order (ECF Nos. 11–12). The TRO is set to expire on August 19, 2026. Any motion for preliminary injunction or to extend the TRO must be filed by August 13, 2026.

8. Moving Defendant now appears and respectfully requests that the Court dissolve the TRO on an expedited basis for the reasons set forth below.

Page 2 of 8

## II. LEGAL STANDARD

9. A temporary restraining order is an extraordinary remedy. A party seeking to maintain a TRO, or a party seeking to dissolve it, must address the familiar four factors: (1) likelihood of success on the merits; (2) irreparable harm; (3) balance of equities; and (4) public interest. See *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Where the moving party cannot show a likelihood of success—particularly where the asserted patent is invalid or unenforceable—the TRO cannot stand.

10. Local Rule 40.4 of this District defines related cases and provides mechanisms for reassignment when cases involve the same issues of fact or law or grow out of the same transaction or occurrence. Courts in this Circuit and elsewhere condemn efforts to evade judicial scrutiny or engage in judge-shopping by dismissing and refiling related actions. See, e.g., principles underlying 28 U.S.C. § 137.

## III. ARGUMENT

### A. Plaintiff Engaged in Improper Judge-Shopping and Failed to Disclose Related Cases

11. The sequence of events is telling. After Judge Kness ordered an in-person appearance by Plaintiff's lead counsel, Plaintiff immediately filed a second, nearly identical Schedule A action before a different judge and, once defendants appeared in the First Case and raised strong prior-art defenses, promptly dismissed the First Case. This conduct allowed Plaintiff to avoid the scheduled in-person hearing, avoid litigating the substantial invalidity issues already raised, and obtain an *ex parte* TRO from a judge who had no knowledge of the prior related proceeding or the prior-art evidence already presented.

12. Plaintiff's failure to disclose the First Case as a related case under Local Rule 40.4 (or otherwise) deprived this Court of critical context. The two cases involve the same plaintiff, the same design patent, the same type of Amazon Schedule A claims, and overlapping questions of validity, enforceability, and entitlement to injunctive relief. Reassignment or at least disclosure was required. Plaintiff's concealment of the related case constitutes an independent ground to dissolve the TRO obtained *ex parte*.

**B. The '568 Patent Is Invalid Over Clear Prior Art**

13. Plaintiff cannot demonstrate a likelihood of success on the merits because the asserted design patent is anticipated or rendered obvious by prior art that predates the May 5, 2022 U.S. filing date.

14. **Korean Registered Design Patent KR 30-1131844** (registered October 12, 2021; published October 18, 2021). This Korean design,Cleaning Mop), discloses an identical overall appearance to the claimed design of the '568 Patent, including the oval/rounded head, telescoping/extendable handle, and overall configuration. (See Exhibit A – Korean Registration; Exhibit B – Translation/Description). See also Figure 1 below for the screenshot of `568 Patent design.



도면 1.1

**Figure 1: Screenshot of `568 Patent Design**

15. **Chinese Utility Model Patent CN 213862180 U** (filed August 3, 2021; published December 10, 2021). This Chinese utility model discloses a car brush/mop with an adjustable rotating head, telescoping handle, and locking mechanisms—features central to the ornamental design claimed in the '568 Patent. (See Exhibit C – Chinese Patent with Ex. D: Translation). See also Figure 2 below for a screenshot of this Chinese patent.



Figure 2: Screenshot of Chinese Patent

Figure 3: Plaintiff's `568 Patent Design

Page 5 of 8

16. When comparing Figure 2 and 3, from an ordinary observer's perspective, they are almost identical. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008). These references create a strong *prima facie* case of invalidity under 35 U.S.C. §§ 102 and 103. Design patents are subject to the same novelty and non-obviousness requirements as utility patents. Where the overall visual impression of the claimed design is anticipated or rendered obvious by prior art, the patent is invalid and cannot support injunctive relief.

## C. The Design Is Primarily Functional and Not Protectable

17. Even if the design were novel, it is primarily functional. The overall shape, telescoping handle, rotatable/adjustable head, and locking mechanisms are dictated by functional considerations—ease of use for cleaning vehicle surfaces, reach, storage, and angle adjustment. Functional features are not eligible for design patent protection. See *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288 (Fed. Cir. 2010).

## D. The Patent Is Unenforceable Due to Inequitable Conduct

18. Upon information and belief, Plaintiff sourced the design from the original Chinese manufacturer (owner of the '180 Chinese utility model) and filed the U.S. design application while failing to disclose the known prior art to the USPTO. Nondisclosure of material prior art, combined with a claim of originality that appears inconsistent with the earlier foreign filings, supports a finding of inequitable conduct rendering the patent unenforceable. See *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc).

## E. Remaining TRO Factors Weigh Heavily Against Continuation of the Order

19. **Irreparable Harm:** Plaintiff has not shown imminent, non-compensable harm. Any

alleged harm is fully compensable by money damages. Moreover, Plaintiff's own conduct in dismissing the First Case and refiling undermines any claim of urgency or irreparable injury.

20. **Balance of Equities and Public Interest:** Maintaining an injunction based on a likely invalid or unenforceable patent would cause substantial and immediate harm to legitimate sellers (including the freeze of Amazon accounts and inventory) while providing no corresponding public benefit. The public interest favors free competition and the enforcement of only valid intellectual-property rights.

## IV. REQUEST FOR EXPEDITED RELIEF

21. Because the TRO expires on August 19, 2026, and any motion for preliminary injunction must be filed by August 13, 2026, Moving Defendant request that the Court set an expedited briefing schedule and hear this motion as soon as practicable, preferably before August 13, 2026.

## V. CONCLUSION

WHEREFORE, Moving Defendant NUMID respectfully requests that this Court:

A. Dissolve the Sealed Temporary Restraining Order entered on August 5, 2026 (ECF No. 12) as to Moving Defendant;

B. Set an expedited briefing and hearing schedule on this Motion;

C. Award Moving Defendant their reasonable attorneys' fees and costs incurred in connection with the TRO and this Motion, pursuant to 35 U.S.C. § 285 and/or the Court's inherent authority, based on Plaintiff's bad-faith litigation conduct; and

D. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC

30 N. LaSalle St., Suite 1510
Chicago, IL 60602
Tel: (305) 209-6188
Email: jamesliulaw@gmail.com

Counsel for Defendant Eyliden US

Dated: August 10, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2026, a true and correct copy of the foregoing Expedited Motion to Dissolve Temporary Restraining Order was served via CM/ECF on all counsel of record.

/s/ Jianyin Liu
Jianyin Liu